James David Hester, Jr. v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-151-CR

     JAMES DAVID HESTER, JR.,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Criminal Court No. 2
Dallas County, Texas
Trial Court # MB99-25187-B
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      A jury found James Hester guilty of driving while intoxicated, and the trial court sentenced
him to 120 days in jail; imposition of his sentence was suspended, and he was placed on
community supervision for twenty-four months. Hester’s single issue on appeal is that the 
evidence was legally and factually insufficient to establish that Hester was driving on the date of
the offense. The witness who observed the pickup being operated erratically and speeding never
specifically identified Hester as the driver. The two police officers who testified arrived at the
scene after the pickup was stopped in a parking lot, and therefore they did not see Hester driving.
      In reviewing a legal sufficiency challenge, we view all the evidence in the light most favorable
to the verdict and determine whether a rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. Lane v. State, 933 S.W.2d 504, 507 (Tex. Crim. App.
1996) (citing due process standard from Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979)). In reviewing a factual sufficiency claim, we “ask[] whether a neutral review
of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine confidence in the jury’s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof” “to the extent that the
[finding of guilt] is clearly wrong and manifestly unjust.” Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000). The court does not view the evidence through the prism of “in the light
most favorable to the prosecution.” Id. at 7 (quoting Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996)).
      As the State points out, the eyewitness testified unequivocally that the person the police
arrested was the same person who was driving the pickup he followed. Police officers testified
that they arrested Hester. Applying the standards of review, we find that the evidence is legally
and factually sufficient to support a finding that Hester was the driver of the vehicle.
      We affirm the judgment.
                                                                         BILL VANCE
                                                                         Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed May 29, 2002
Do not publish
[CR25]